UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINH MOC LY,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILTIY, et al.,<br><br>　　　　　　　Respondents. | Case No.  1:26-cv-00883-KES-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 3) |

Pending before the Court is pro se Petitioner's Motion to Appoint Counsel, filed on February 2, 2026.  (Doc. 3).  Petitioner, who currently is detained by Immigration and Customs Enforcement, has pending a petition for writ of habeas corpus filed under 28 U.S.C. § 2241, also docketed on February 2, 2026.  (Doc. 1, "Petition").  Petitioner is an immigrant from Vietnam who is detained by U.S. Immigration Customs and Enforcement (ICE) at the Golden State Annex Detention Facility in McFarland, California.  (*Id*. at 2).  Petitioner claims he was ordered removed on August 28, 2006, released on December 19, 2006 under an Order of Supervision, and was taken back into custody on July 24, 2025.  (*Id*. at 2-3).  To the extent discernable, Plaintiff claims (1) his continued detention under 8 U.S.C. § 1231 violates the due process clause of the Fifth Amendment because there is not a significant likelihood he will be removed in the reasonably

foreseeable future; (2) any attempt by Respondents to remove him to a third country would be in violation of the Fifth Amendment due process clause, the Eighth Amendment, 8 U.S.C. § 1231, the Convention Against Torture, and the Administrative Procedure Act; and (3) because he was previously released from post-final order detention, his continued detention violates due process under the Fifth Amendment, 8 C.F.R. § 241.13, and the Administrative Procedure Act. (*Id*. at 13-18). As relief, the Petition seeks, *inter alia*, immediate release from custody, and an Order that Respondents may not remove or seek to remove Petitioner to a third country without notice and meaningful opportunity to respond in compliance with the statute and due process. (*Id*. at 19).

Petitioner seeks appointment of counsel due to "the complexity of the law on immigration" and his belief that his Petition has a "strong chance of success." (Doc. 3 at 2). As a threshold matter, there is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); see also *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). To make this assessment, courts consider a petitioner's (a) "likelihood of success on the merits" and (b) "ability ... to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Alternatively, the Rules Governing Section 2254 Cases in the United States District Courts[1] require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

As to the likelihood of success, Petitioner contests his current detention pending removal proceedings. To better ascertain the basis of Petitioner's detention and evaluate Petitioner's

---

[1] The Rules governing section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See Id*., R. 1(b).

claims, the Court directed Respondent to respond to the Petition.  Respondents filed an Answer with attached records necessary for considering the Petition on March 9, 2026.  (Doc. 11).  The Court's initial review of the records submitted does not indicate that discovery or an evidentiary hearing is necessary, nor does it show a likelihood of success on the merits for Petitioner at this stage of proceedings.

Finally, although Petitioner cites to the complexity of immigration laws, he was able to competently file his 20-page habeas petition that includes a statement of facts and supporting law concerning his claim for habeas relief.  As a result, Court finds the circumstances of this case presently do not indicate that appointed counsel is necessary to prevent due process violation.

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel (Doc. No. 3) is denied without prejudice.

Dated:     March 12, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3