UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINH MOC LY,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY, et al.,<br><br>        Respondents. | Case No.  1:26-cv-00883-KES-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS[1]<br><br>(Doc. 1)<br><br>FIVE (5) DAY OBJECTION PERIOD |

Petitioner Vinh Moc Ly, an immigrant detainee in U.S. Immigration Customs and Enforcement ("ICE") custody at the Golden State Annex Detention Facility in McFarland, California, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, docketed on February 2, 2026.  (Doc. 1, "Petition").  The Petition asserts three claims for relief: (1) his continued detention violates the Fifth Amendment's Due Process Clause because there is no significant likelihood that he will be removed in the reasonably foreseeable future; (2) any attempt to remove him to a third country would violate of the Fifth and Eighth Amendments, 8 U.S.C. § 1231, the Convention Against Torture, and the Administrative Procedure Act ("APA"); and (3) his continued detention violates the Fifth Amendment, 8 C.F.R.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2025).

§ 241.13, and the APA. (*Id.* at 13-18). As relief, Petitioner seeks, *inter alia*, immediate release and an Order prohibiting Respondents from removing him to a third country without notice and meaningful opportunity to be heard consistent with statute and due process. (*Id.* at 19).

Respondents oppose the Petition. (Doc. 11). Briefly, Respondents argue that (1) Petitioner has not shown absence of a significant likelihood of removal in the reasonably foreseeable future, and (2) his continued detention remains lawful because his criminal history renders him a danger to the community under 8 U.S.C. § 1231(a)(6). (Doc. 11 at 4). Petitioner did not file a reply, and the deadline to do so has expired.[2]

For the reasons set forth below, the undersigned recommends that the district court grant the Petition.[3]

## I. BACKGROUND

Petitioner is a citizen of Vietnam who was admitted to the United States as a refugee on or about November 5, 1979. (Doc. 11-1 at 2, 8). On May 13, 1981, his status was adjusted to lawful permanent resident. (*Id.*). In 2005, he was convicted of felony arson of an inhabited structure or dwelling in violation of California Penal Code ("CPC") § 451(b) and sentenced to one year in prison, and in 2006 he was convicted of possession of controlled substance paraphernalia and again sentenced to one year in prison. (*Id.* at 2, 52-54). On August 28, 2006, an immigration judge ordered Petitioner removed to Vietnam pursuant to a final order of removal. (*Id.* at 3, 109-10).

On December 14, 2006, ICE released Petitioner under an Order of Supervision because he could not be removed to Vietnam. (*Id.* at 3, 112). In the years following his release, he incurred additional convictions, including burglary, petty theft with priors, possession of a controlled

---

[2] The Court's order denying Petitioner's motion for appointment of counsel (Doc. 13) was returned as undeliverable. (*See* docket). On April 16, 2026, the Court directed the clerk of court to update Petitioner's address and provide duplicate copies of previously filed documents, including Respondent's Answer, and extended the deadline for Petitioner to file an optional reply to May 18, 2026. (Doc. 14).

[3] Although Petitioner includes claim for relief (claim two) regarding third-country removal, he does not allege facts indicating that such removal is at issue in this case. (Doc. 1). Respondents likewise do not indicate that third-country removal is being pursued. (*See generally* Doc. 11). Accordingly, to the extent such a claim is asserted, Petitioner fails to establish Article III standing for such a claim. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (requiring an injury that is "concrete and particularized," "actual or imminent," and likely to be "redressed by a favorable" judicial decision)).

2

substance, carry concealed dirk or dagger, grand theft, battery, forgery, and theft.  (*Id*. at 3, 64-107).  Most recently, on June 6, 2025, he was convicted of petty theft with two priors in violation of CPC § 666.1(a)(1) and sentenced to 120 days in jail and one year of probation.  (*Id*. at 3, 103).

On July 24, 2025, ICE revoked Petitioner's Order of Supervision and took him into custody upon his release from the Elmwood Correctional Facility.  (*Id*. at 3, 114-15).  On October 23, 2025, Enforcement and Removal Operations ("ERO") submitted a request for travel documents to the Vietnamese Consulate.  (*Id*. at 3).  Petitioner remains detained at the Golden State Annex Detention Facility.  (Doc. 1).

## II. APPLICABLE LAW AND ANALYSIS

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  District courts retain jurisdiction under § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of removal order.  *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 538 U.S. 281, 294 (2018).

A.  Statutory and Regulatory Framework

Detention, release, and removal of noncitizens subject to a final order of removal are governed by 8 U.S.C. § 1231. Under § 1231(a), once a noncitizen is ordered removed, the Attorney General must remove the person within a period of 90 days (the 'removal period'), and if the individual is not removed within that period, the person is subject to supervision under regulations prescribed by the Attorney General.  Section 1231(a)(6) permits continued detention beyond the removal period of certain criminal or inadmissible noncitizens, or those who are a danger to the community or unlikely to comply with the removal order and provides that if released they shall be subject to the supervision terms in paragraph § 1231(a)(3).  Regulations at 8 C.F.R. § 241.13 and § 241.4 implement these mandates and govern supervised release and revocation.

Title 8 C.F.R. § 241.13 codifies the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  *Zadvydas* held that detention under § 1231(a)(6) is presumptively reasonable

3

for six months, after which the noncitizen is entitled to release if there is no significant likelihood of removal in the reasonably foreseeable future.  Consistent with *Zadvydas*, § 241.13(i) permits revocation of release only if the person violates conditions of release, or if, due to changed circumstances, ICE determines there is a significant likelihood of removal in the reasonably foreseeable future.  § 241.13(i) (1)-(2).  When, as here, a noncitizen is subject to a final order of removal, is detained, released, and then re-detained,  ICE bears the burden of showing a significant likelihood of removal under § 241.13.  *Martinez v. Bondi*, 2025 WL 3650477, at *3 (E.D. Cal. Dec. 16, 2025) (collecting cases); *Huang v. Albarran*, 2026 WL 279888, at *4 (E.D. Cal. Feb. 3, 2026); *see also Vu v. Noem*, 2025 WL 3114341, at *7 (E.D. Cal. Nov. 6, 2025)

The regulations also require that ICE notify the noncitizen of the reasons for revoking release and promptly conduct an informal interview after the person returns to ICE custody, affording the noncitizen an opportunity to respond and to present evidence that there is no significant likelihood of removal or that he has not violated the Order of Supervision. Pertinent, the regulation requires:

> The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

8 C.F.R. § 241.13(i)(3).

B.  Analysis

Petitioner argues that (1) his continued detention violates due process because Respondents have not met their burden to show a significant likelihood or removal in the reasonably foreseeable future, and (2) his re-detention violated due process because ICE did not follow the procedural safeguards § 241.13(i)(3). (Doc. 1 at 13-18).  Respondents assert that Petitioner has not demonstrated the absence of a significant likelihood of his removal and state only that ERO is "attempting" to secure travel document from the Vietnam Consulate.  (Doc. 11 at 4).

It is undisputed that at the time of his re-detention Petitioner was on supervised release under the December 14, 2006 Order of Supervision.  (Doc. 11-2 at 2).  That type of release is

4

granted only after ICE determines that the person does pose a danger to the public and is not a flight risk.  8 C.F.R. § 241.13(b)(1).  Under § 241.13(i), revocation is permissible only if the person violates the conditions of their release, or if, changed circumstances, create a significant likelihood of removal.  Despite Petitioner's lengthy criminal record, including multiple convictions accrued after he was released under the Order of Supervision, Respondents offer no argument or evidence that he violated conditions of his supervised release, and the Notice of Release does not cite any violation of conditions as a basis for revocation.  (*See* Doc. 1 at 114). Instead, the Notice asserts only that, based on a review of his file, ICE determined there were "changed circumstances" and that Petitioner could be "expeditiously removed" pursuant to the existing removal order.  (*Id*.).

At the outset, it is well-settled that where, as here, a petitioner is subject to a final order of removal, detained, released, and then re-detained, ICE bears the burden to show that, due to changed circumstances, there is a significant likelihood the noncitizen may be removed pursuant to 8 C.F.R. § 241.13. *See Martinez*, 2025 WL 3650477, at *3 (collecting cases); *Ghiassi v. Murray*, 2026 WL 622184, at *4 (E.D. Cal. Mar. 5, 2026) (citing *Escalante v. Noem*, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025).  Thus, the Court must determine if Respondents have met their burden to show Petitioner's likelihood of removal to Vietnam in the reasonably foreseeable future.

Respondents present no argument or evidence demonstrating changed circumstances such creating a significant likelihood, or indeed any likelihood, or removal to Vietnam in the reasonably foreseeable future.  They rely solely on the October 2025 travel document request without any evidence about Vietnam's past practices, grant rates, or Petitioner's particular circumstances. Courts in similar cases have held that the mere initiation of the travel document process, without more, does not establish changed circumstances showing a significant likelihood of removal.  *See Hoac v. Becerra*, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) (citing *Liu*, 2025 1696526, at *2); *Huang*, 2026 WL 279888, at *7; *Vue v. Warden of the Golden State Annex Detention Facility*, 2026 WL 482673, at *3 (E.D. Cal. Feb. 20, 2026).  Moreover, despite the October 23, 2025 request, ICE still has not obtained travel documents after more than ten months

5

of detention since July 24, 2025, which suggest that removal is not reasonably foreseeable.  *See Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1165 (E.D. Cal. Nov. 7, 2025) ("An undue delay in removal for an individual alien beyond the typical removal period would naturally suggest that removal is unlikely.").

Petitioner also checked the box on his form asserting he did not receive the procedural safeguards required by § 241.13(i)(3), including written notice specifying the reasons for revocation and prompt informal interview to allow him to respond.  (Doc. 1 at 17-18). Respondents submit proof of service of the Notice on July 24, 2025 (Doc. 11-1 at 115); however, they offer no evidence that ICE conducted the required informal interview.  (*See generally* Doc. 11).

Respondents generally argue that Petitioner's continued detention is lawful because he is a risk to the community under § 1231(a)(6).  (Doc. 11 at 4.) Section 1231(a)(6) permits detention beyond the 90–day removal period only where the noncitizen "has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." Mere reference to criminal history, standing alone, does not satisfy this standard; rather, the statute contemplates an actual, individualized determination that the particular noncitizen presently poses a danger or flight risk warranting continued detention. Yet Respondents point to no evidence that such a determination was ever made with respect to Petitioner, and they identify no custody review or written decision in which any official concluded that Petitioner currently presents a risk to the community.  As noted, the Notice of Revocation likewise does not cite danger or risk to the community as a reason for revoking his Order of Supervision, instead relying only on asserted "changed circumstances" and the conclusory statement that Petitioner can be "expeditiously removed." And the record reflects no subsequent custody review or risk assessment after ICE revoked his supervised release on July 24, 2025.  In the absence of any contemporaneous finding that Petitioner is a danger or a flight risk, Respondents' post hoc invocation of § 1231(a)(6) cannot justify his prolonged detention under that provision.

Admittedly, the government has significant discretion to enforce immigration laws, but it must follow its own regulations, particularly when those regulations protect constitutional rights.

6

*Huang*, 2026 WL 279888, at *7; *Nguyen v. Hyde*, 2025 WL 1725791, at *5 (D. Mass. June 20, 2025); *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017); *see also Yan-Ling X.*, 813 F. Supp. 3d 1157 at 1166.  Because Respondents have not met their burden to show a significant likelihood of removal in the reasonably foreseeable future and have not shown compliance with § 241.13 procedural safeguards, Petitioner's continued detention is unlawful.  *See, e.g., Vang v. Warden of Golden State Annex Detention Facility*, 2026 WL 694111, at *6 (E.D. Cal. Mar. 12, 2026); *Ghiassi*, 2026 WL 622184, at *5-6.

III.    RECOMMENDATION AND NOTICE

Accordingly, it is RECOMMENDED that:

1.  The petition for writ of habeas corpus (Doc. 1) be GRANTED; and

2.  Respondents be ORDERED to IMMEDIATELY RELEASE Petitioner from DHS custody under the same conditions as his most recent release.[4]

**NOTICE OF EXPEDITED OBJECTIONS**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Given the urgency of a preliminary injunction, a party may file written objections with the Court within five (5) days of service of these Findings and Recommendations.**  *Id*.; Local Rule 304(b) (permitting court to set a different time).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A

---

[4] The Court is compelled to note its concern in ordering Petitioner's release given his lengthy and ongoing criminal history.  Nonetheless, "absent evidence that removal is reasonably foreseeable, controlling Ninth Circuit authority, including *Tuan Thai v. Ashcroft*, 366 F.3d 790, 797 (9th Cir. 2004), appears to require Petitioner's release, albeit on appropriate conditions of supervision."  *See Kovalchuk v. Martinez*, 2026 WL 1179736 (E.D. Cal. Apr. 30, 2026) (emphasis in original).

party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).


Dated:    June 18, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

8